1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

PATRICK JAMES CARRIZOSA, JR.,

                                    Petitioner,

        vs.

JEANNE S. WOODFORD,

                                    Respondent.

CASE NO. 05CV1935 IEG (LSP)

**ORDER DISMISSING PETITIONER'S 18 U.S.C. § 2254 PETITION WITH PREJUDICE (Doc. No. 1)**

        Presently before the Court is Patrick James Carrizosa, Jr.'s ("Petitioner's") amended petition for a writ of habeas corpus ("Petition") pursuant to 28 U.S.C. § 2254. Petitioner claims the California Department of Corrections and Rehabilitation ("CDCR") wrongfully denied his request for conduct credits (a/k/a "behavioral credits") and limited Petitioner to worktime credit equal to 15% of his sentence.

        The matter was referred to United States Magistrate Judge Leo S. Papas, pursuant to 28 U.S.C. § 636(b)(1)(B). Magistrate Judge Papas issued a Report and Recommendation ("Report"), concluding this Court should dismiss the petition on the merits. After considering the Report and Petitioner's objections, this Court adopted Magistrate Judge Papas's Report with respect to Petitioner's due process and estoppel claims and denied Petitioner's Petition with respect to these claims with prejudice. With respect to the remaining equal protection claim, the Court requested supplemental briefing. (Doc. No. 40.)

        After receiving supplemental briefing from the parties, the Court, unsatisfied with

1   Respondent's cursory explanation for apparent disparities in credit earnings as to similarly situated

2   inmates, ordered Respondent to show cause why the Petition should not be granted and requested

3   specific explanations regarding apparent inequities in the awarding of worktime credit amongst

4   similarly situated inmates.

5       Having received Respondent's answer to the Order to Show Cause and Petitioner's reply, the

6   Court DISMISSES the Petition.

7                                    **DISCUSSION**[1]

8       Petitioner's equal protection claim is based upon an allegation that CDCR is arbitrarily issuing

9   credits at different amounts to similarly situated inmates participating in the facility's inmate work

10  program.  Specifically, Petitioner claims that persons convicted of violent felonies are being issued

11  conduct/behavioral credits despite CDCR's claim that these inmates are only entitled to worktime

12  credits subject to 15 percent cap imposed by Cal. Penal Code § 2933.1.  In support, Petitioner has

13  provided the Legal Status Summary ("LSS") forms of several inmates which show the accumulation

14  and loss of credit.

15      In this Court's order following the magistrate judge's report, the Court observed that if the

16  CDCR is allowing violent felons to obtain credits in excess of the 15 percent cap imposed by section

17  2933.1 became effective, then Petitioner may be able show that he is treated differently.  This Court

18  identified several LSS forms which apparently demonstrated such treatment.  Specifically, the Court

19  identified LSS forms belonging to Thomas Joseph Lynch, Charles Clemans, and Richard Woerner,

20  all violent felons who had apparently been awarded release credits in excess of the 15 percent cap.

21  The Court requested supplemental briefing to allow Respondent to address the LSS sheets.

22      In response to the Court's request for supplemental briefing, Respondent argued that the LSS

23  forms establish that: (1) Petitioner is not similarly situated to former inmate Lynch since Lynch's

24  felonies were not enumerated in Cal. Penal Code § 667.4(c) as violent felonies at the time of Lynch's

25  offense conduct in 1995; and that (2) neither Clemans nor Woerner would receive more than a

26  maximum of 15% credit towards their sentences as demonstrated by the minimum adjusted release

27  dates calculated on forms submitted to the Court.

28  _____

[1]All citations are to the California Penal Code unless otherwise noted.

05cv1935

1    The Court found Respondent's supplemental briefing failed to adequately address the Court's
2    observation in its September 28, 2007 Order that the LSS forms of both Woerner and Clemans indicate
3    the two inmates were issued release credits in excess of 15% of their sentences.  Specifically, the
4    Court failed to find an explanation as to why the "Assess" columns on the LSS forms for inmates
5    Woerner and Clemans summed to a value greater than 15% of each inmate's sentence.  Accordingly,
6    the Court ordered Respondent to show cause why the Petition for Writ of Habeas Corpus should not
7    be granted and asked Respondent for further explanation regarding the LSS forms for inmates
8    Woerner and Clemens.

9    Respondent's response to the Order to Show Cause has clarified this crucial point, explaining
10   the "Assess" column on the LSS forms in the Court's record does not reflect credits earned, but rather
11   credits which have been deducted from an inmate.  Respondent's explanation is supported by the
12   calculation worksheets submitted with respect to the Court's September 27, 2007 order (see Doc. No.
13   43, Respondent's Reply to Petitioner's Objections to Magistrate Judge's Report and Recommendation,
14   Ex. F., pg. 9, where "Assess" column entries are placed in section c of the work sheet for "credit
15   losses.") and the Chronological History Report lodged in connection with Respondent's response to
16   the Order to Show Cause (see Doc. No. 53, Respondent's Response to Order to Show Cause, Ex. J.).

17   Petitioner's reply does not challenge Respondent's claim that  Thomas Lynch is not similarly
18   situated to petitioner nor Respondent's definitions or calculations with respect to the LSS forms of
19   inmates Woerner or Clemans.

20   Rather, Petitioner reiterates the argument he has made in several previous filings, which is that
21   regardless of the 15% limitation on the accrual of worktime credits contained in  § 2933.1(a),
22   Respondent has been issuing, taking, and returning behavioral conduct credits to inmates similarly
23   situated to Petitioner while denying those credits to the Petitioner such that those inmates are
24   effectively earning credits which total to more than 15% of those inmates' sentences.

25   The LSS forms for similarly situated inmates Woerner and Clemans—upon the unchallenged
26   clarifications offered by the Respondent—simply provide no basis for Petitioner's claim that he is
27   being inequitably denied the ability to earn credits beyond the 15% statutory limitation.  The forms
28   indicate both Woerner and Clemans have been restricted to earning credits equal to 15% of their

1    sentence and no more.  Further, as the Court has previously explained, section 2933.1 does not allow

2    an inmate to accumulate <u>behavioral</u> credits after placement in custody of the Department of

3    Corrections.  Section 2933.1 eliminated good behavior credits for defendants committing crimes on

4    or after January 1, 1983 and substituted only worktime credits for participation in qualifying programs.

5    (<u>See</u> Doc. No. 40, Court's  September 27, 2007 Order.)

6         Accordingly, Petitioner's Equal Protection Claim is DENIED and Petitioner's Petition for Writ

7    of Habeas Corpus is DISMISSED.[2]

8

9    **IT IS SO ORDERED.**

10

11

12   **DATED: August 22, 2008**

13                                              **IRMA E. GONZALEZ, Chief Judge**
                                               **United States District Court**

14

15

16

17

18

19

20

21

22

23

24

25

26   _____

27       [2]A certificate of appealability 'is not required when a state prisoner challenges an
     administrative decision regarding the execution of his sentence.'"  <u>Rosas v. Nielsen</u>, 428 F.3d 1229,
     1231 (9th Cir. 2005) (quoting <u>White v. Lambert</u>, 370 F.3d 1002, 1010 (9th Cir. 2004)).  Because
28   petitioner challenges a decision made by CDCR (i.e., an administrative body) rather than a court,
     petitioner does not need a certificate of appealability from this Court.  <u>Id.</u> at 1231-32.